Nicholson, C. J.,
delivered the opinion of the Court.
Skelton obtained a judgment against Hinson for $81 before a Justice of the Peace of Dickson county.
The Justice met Hinson in the neighborhood, and mentioned the matter to him. Hinson requested the Justice to ride by Baker’s on his way home, and get him to stay the execution.
Accordingly, on his way home he saw Baker, who lived' about 250 or 300 yards from his house; Baker told the Justice to put his name down as stayor to the judgment, which he did when he went home.
Upon proof of this fact before a jury in the Circuit Court, under the charge of the Judge, they found that Baker did not stay the execution.
*293 The Judge charged the jury that, “if Baker directed the Justice to put down his name as stayor, not at the place where, nor the time when, the judgment was rendered, and in the absence of the papers in the cause, or in the absence of the Justice’s docket, then Baker would not be liable.” The proof was that when Baker directed his name to be put down as stayor, the Justice was 250 or 300 yards from home, and that he did not have the papers or his docket with him; but upon the authority so given he acted, and entered his name on his docket when he went home.
The objection to the charge is, that he instructed the jury in effect that Baker could not be bound unless the Justice had either the papers of the case or his docket with him when he directed him to enter his name as stayor. In Brown v. Cannon, 3 Head, 356, it was held that when it is said that the agreement to become stayor must be at his office, nothing more is intended than that it must be at the place where he performs the official act of rendering or accepting confession of the judgment which is to be stayed, that is his office for that purpose and occasion; and in Cheatham v. Brien, 3 Head, 554, the Court said: “We have held in other cases at the present term, that the place where the official act is done by a Justice is his office for that particular purpose, no matter where it may be, so that it is within the territorial limits of his jurisdiction.”
It follows from the authorities that when Baker agreed to become stayor, although it was not at the *294 Justice’s house where his docket and papers were; yet the place where the official act was done of accepting him as stayor was, for that occasion, his office.
The charge of the Judge was therefore erroneous, and the judgment is reversed.