Dillon, J.
Application is made in this court by George M. Boswell for writ of habeas corpus for his discharge from the county jail, to which he has been 'committed by one of the justices of the peace of this county.
The applicant was arrested by one of the deputy game wardens of this state on view of an unlawful possession of a certain fish under size. The arresting officer proceeded to take him before a certain justice of the peace in and for one of the townships of this county. The distance being rather great, and learning the justice was in the city of Columbus, which is not in that township, as a matter of convenience he was taken at once before the justice in the city. A written charge was duly filed against him, and he was convicted. The only question presented in this case is whether or not the justice of the peace may hold his court and conduct a criminal trial in any township other than the one in which he resides and which elected him to the office.
The Constitution of Ohio, Article IY, Section 9, provides for the office of justice of the peace, but leaves all the regulations with respect thereto to the Legislature. At the outset, we must distinguish between jurisdiction of the justice of the peace, and his power to hold court. In certain civil matters, such as attachment, and in criminal matters, the jurisdiction of a justice of *556 the peace is co-extensive with the county. In other matters, it is limited to the township in which he resides. It is provided by Section 582 of the Revised Statutes of Ohio as follows:
“The jurisdiction of justices of the peace, in civil cases, unless otherwise directed by law, is limited to the township wherein they have been elected, and wherein they reside; but no justice of the peace shall hold court outside the limits of the township for which he was elected.”
It is well settled that if a court be held at a time or place not authorized by law, all its' proceedings are void. Ex Parte Jones, 27 Ark., 349; Ex Parte Stow, 27 Ark., 354; Ex Parte Allison, 13 Colo., 525.
The authorities are not altogether harmonious upon the question of the right of a justice to hold court at will, but the doctrine seems'to be held by many of the states that unless restricted by law either by express statute or implication, a jurisdiction. And this is especially true where the jurisdiction justice of the peace may hold court at any point within his of a justice of the peace is uniform as to all matters and is confined to the township in which he was elected, the limitation in such cases being that he may. hold court at any place in such township which he himself may desire. Cheatham v. Brien, 3 Head. (Tenn.), 552; Morgan v. Coleman, Ib., 352; Skelton v. Baker, 7 Heisk., 292.
In Ohio,-we have the statutory provision that a justice of the peace is elected by the people within the limits of -a township; his residence must be maintained therein, and he loses his office upon removal of his residence therefrom. It has been urged upon the part of the state that Section 610 implies the power to a justice to hold court in any part of the county. This section read as follows:
“Every justice of the peace shall be a’ conservator of the peace, and shall have jurisdiction in criminal cases throughout the county in which he is elected and where he resides, on view, or on sworn complaint, to cause every person charged with the commission of a felony, or misdemeanor, to be .arrested and brought before himself, or some other justice of the peace, and on such person being brought before him, to inquire into the complaint and either discharge or recognize to be and ap *557 pear before the proper court at the time in such recognizance named, or otherwise dispose of the complaint as is provided bylaw; and he also shall h-ave authority to hear complaints of the peace, -and issue search warrants.”
It will be noticed that the foregoing section does not apply to the act of the justice of -the peace as a court, hut refers to his individual act as -a conservator of the peace, and under that statute it would be his duty 'to sec that every person who has been charged with -an offense should be properly arrested and brought before a proper tribunal for trial. A court must be distinguished from the individual presiding over it. The individual may act over his own signature, or by his- own individual conduct. A court speaks by its- proceedings as shown by its journal or record. A court indeed consists of -an official .assembly under authority of law at an appropriate time and place for the administration of justice. The place and the time of its meeting are important elements of a court.
So far as civil actions are concerned, -Section 582 above quoted leaves no doubt. The argument is made, however, that this limitation upon the justice to the effect that he shall not hold court outside of the'limits of the township in which he is elected, following as it does the matter referring to -civil actions, was intended to apply to civil cases only. The very positive and sweeping terms of the clause, however, would raise great -doubt that this is the true construction. The limitation is positive, and without exception provides that no justice shall hold court outside of the limits of the township, and I am of opinion that the limiting of the jurisdiction of justices of the peace in civil cases to the township wherein- he is limited would of itself be sufficient to limit the place of his holding court, for the reason that he would have no jurisdiction in such cases outside of the township, and therefore under the well settled principles of law would have no jurisdiction to hold court outside. The addition therefore of the limiting clause would be unnecessary if it were to refer solely to the jurisdiction o>f the justice in civil cases.
Aside from this pex^empfory injunction of the statute, the history of the law with reference to justices of the peace, their location, the requirement that they should reside ip the town *558 ship, and that they should lose their office if they should remove therefrom, the evils which would naturally result if all of the justices of the county might collect in any one favored locality and abandon their, various townships for the trial of attachment and criminal cases, indicate very strongly that there has never yet been signified, either by legislation or by practice, the holding of a court by a justice of the peace other than in his own township, and, therefore, irrespective .of Section 582, I do not believe it authorized. I call attention to the very excellent discussion of this question by Mr. Justice Brewer when lie was on the supreme bench of the state of Kansas, in the case of Philips v. Thralls, 26 Kansas, 780. Speaking of the statute which in criminal eases gives jurisdiction to justices of the peace co-extensive with -their counties as provided by the laws of Kansas, he says:
“This fact presents the difficulty. Does this extending the limits of their territorial jurisdiction beyond the limits of the territory which elects, give them a right to hold court anywhere within the larger limit, or must the locality of the court be confined to the territory which elects ? * * * He is an officer of the township; his court is a court of the township; and his court as a court has no- valid existence outside the limits of that township. One purpose contemplated in the organization of these courts was to have neighborhood courts-, convenient to every individual for the settlement of minor disputes. If one justice may move -his- court out of the township to any other place in the county, all may; and we may have the spectacle of all the justices of all the -townships in the county congregating in the county seat, and holding office there. Thus would one of the beneficent purposes of these inferior courts be defeated.”
In the case at bar it was further argued by the state that the defendant himself when arrested was willing to be tried within the city, as a matter of convenience, rather than travel eight or ten miles to the residence of the justice in the country. I think it hardly needs the citation of any authorities- to- observe the wéll known principles of law in a criminal case: whatever consent may be given to- the jurisdiction of the person, nevertheless jurisdiction of the subject-matter can only be conferred upon a court by consent, I therefore find that the petitioner in this ease has been *559 improperly restrained of his liberty and must be discharged from custody.
J. V. Lee, for plaintiff.
A. T. Seymour, for defendant.